UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE MONTALVO, individually & on behalf of all similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> LINCOLN PROPERTY COMPANY & LINCOLN PROPERTY COMPANY COMMERCIAL, INC. <br><br> Defendants. | Case Number _____ |

## COMPLAINT & JURY DEMAND

1. The Plaintiff, Charlene Montalvo, individually and on behalf of all similarly situated, sues Defendants, Lincoln Property Company and Lincoln Property Company Commercial, Inc., pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

2. Defendants are domestic for profit companies. Both of their principal addresses are 2000 McKinney Ave. Ste. 1000, Dallas, Texas 75201.

3. Defendants share more than one corporate officer.

4. Plaintiff worked for Defendants from April 2015 to March 2016.

5. Defendants have a company-wide "Pay Capping" Policy.

6. Plaintiff(s) were paid an hourly rate.

7. Defendants did not pay Plaintiff(s) overtime for all hours worked.

1

8. Defendants knew how many hours that Plaintiff(s) worked, because Plaintiff(s) logged on to the companies' server system through company issued lap tops and cell phones.

9. Defendants provided Plaintiff(s) lap tops and cell phones, so they would be able to perform work outside of normal business hours.

10. Defendants did not pay for the majority of the work that was completed outside of regular business hours.

11. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Defendants have annual gross revenues of over $500,000.

13. Defendants employ employees that handle goods or materials that have moved in interstate commerce, such as cell phones, lap tops, computers, paper and pen.

14. Defendants are in the business of developing and managing both residential communities and commercial real estate.

15. Defendants are an enterprise as defined by 29 U.S.C. § 203(r).

16. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

17. Defendants employed Plaintiff(s).

18. Defendants were Plaintiff(s)' employer as defined by 29 U.S.C. § 203(d).

19. Work not requested but suffered or permitted is work time. 29 C.F.R. § 785.11.

20. Defendants willfully violated the FLSA.

21. Defendants acted in reckless disregard of the FLSA.

22. Defendants issued cell phones and lap tops to Plaintiff(s) in order to permit Plaintiff(s) to work outside normal office hours.

23. Defendants did not permit Plaintiff(s) to report all hours worked.

24. Plaintiff(s) are non-exempt employees.

25. Defendants pay Plaintiff(s) overtime for some hours of overtime worked but not for all hours of overtime worked.

26. Plaintiff(s) suffer unpaid overtime through work completed at the office, on-site and off-site as they are not compensated for these hours pursuant to Defendants' "Pay Capping" Policy.

27. There are current and former employees of Defendants that are similarly situated to the named Plaintiff.

Wherefore, Plaintiff(s) demand pursuant to Section 16(b) of the FLSA facilitation of notice of rights to putative class members, conditional class certification, class certification, trial by jury, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 29th day of March 2016,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Texas Bar Number 24066628
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – 407-420-1414
Email – BMazaheri@forthepeople.com